PER CURIAM.
 

 Debtors Rainsford and Winifred Winslow appeal from the district court’s affirmance of two bankruptcy court orders. Following a careful review of this record, we affirm the district court on the merits.
 

 In addition, based on the Winslows’ history of repetitive filings and abuse of the judicial process, we have chosen, sua sponte, to review en banc the question whether to impose
 
 *315
 
 restrictions on their future filings. Answering that question in the affirmative, we have set forth proposed restrictions below.
 

 This appeal arises from the debtors’ efforts to stop the sale of certain real property and to challenge a stipulated settlement with two of the estate’s primary creditors. The bankruptcy court entered orders allowing both the sale and the settlement. Although the Winslows appear to argue it was error to enter these orders, it is impossible to discern, on a substantive basis, why they are challenging the bankruptcy court’s decisions. Instead of addressing the merits of this appeal, the Winslows have filed a brief attacking this court and the judicial system generally. They argue they are entitled to a new trial in a state court matter concluded more than ten years ago. They also seek habeas corpus relief.
 

 These are not new complaints. To the contrary, they are the same allegations which the Winslows have raised in ever-increasing numbers over the last ten years. To date, the Winslows have filed seventeen matters in this court.
 
 [1]
 
 The allegations raised in each of these appeals and original proceedings are substantially similar. In each one, the Win-slows have accused this court, the district court, and the bankruptcy court of victimizing them in pursuit of some larger conspiracy aimed at preventing them from obtaining a fair hearing on their grievances.
 

 The Winslows have consistently been allowed to proceed in forma pauperis based on their lack of financial resources. Further, they have been afforded the leniency due litigants proceeding pro se.
 
 See Haines v. Kerner,
 
 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). They have abused these privileges. It may be that lurking within one of these matters was, or is, a viable argument. Rather than advancing any substantive argument, however, the Win-slows consistently turn to the same allegations of fraud, criminal conduct, and conspiracy. In addition, despite numerous admonitions from this court, they consistently commit wholesale violations of this court’s local rules. This abuse of the judicial process must cease.
 

 “[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.”
 
 Tripati v. Beaman,
 
 878 F.2d 351, 353 (10th Cir.1989) (citation omitted). Although the Winslows have been allowed to proceed in forma pauperis, the Supreme Court has recognized that abuses of this privilege may give rise to the imposition of filing restrictions.
 
 In re Sindram,
 
 498 U.S. 177, 180, 111 S.Ct. 596, 597-98, 112 L.Ed.2d 599 (1991). “The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims].”
 
 Id.
 

 We recognize that filing restrictions are a harsh sanction, and that litigiousness alone is not a sufficient reason to restrict access to the court.
 
 Tripati,
 
 878 F.2d at 353. However, where, as here, a party has “engaged in a pattern of litigation activity which is manifestly abusive,” restrictions are appropriate.
 
 Johnson v. Cowley,
 
 872 F.2d 342, 344 (10th Cir.1989). The Winslows’ abusive and repetitive filings have strained the resources of this court.
 
 See In re McDonald,
 
 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989). We will, therefore, impose restrictions commensurate with our inherent power to enter orders “necessary or appropriate” in aid of our jurisdiction. 28 U.S.C. § 1651.
 

 
 *316
 
 Accordingly, the Winslows are hereby ENJOINED from proceeding as appellants
 
 [2]
 
 or petitioners in an original proceeding without the representation of a licensed attorney admitted to practice in this court, unless they first obtain permission to proceed pro se. To do so, they must take the following steps:
 

 1. File a petition with the clerk of this court requesting leave to file a pro se action;
 

 2. Include in the petition the following information:
 

 A. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of those eases, and a statement indicating the nature of the Winslows’ involvement in the matter and the current status or disposition of the appeal or original proceeding;
 

 B. A list of all appeals in this court or any other federal circuit court in which judgment was rendered against the Win-slows (including cases where the action was dismissed), and, if applicable, a list indicating the amount of any judgment or sanction rendered against them, including a statement advising the court whether these judgments or sanctions have been paid and the date of such payment;
 

 C. A list advising this court of all assessments of attorneys’ fees, costs, or contempt orders against them arising out of any federal bankruptcy court, federal district court, or federal circuit court matter involving the Winslows, including a brief statement apprising the court of the circumstances surrounding the assessment of fees, costs, or finding of contempt;
 

 D. A list apprising this court of all outstanding injunctions or orders limiting the Winslows access to any state or federal court, including orders or injunctions requiring the Winslows to seek leave to file matters pro se or requiring them to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions;
 

 3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues which they seek to present, including a short description of the legal basis asserted for 'modifying the lower court decision, and describing with particularity the order or ruling being challenged. The affidavit must also contain the following affirmations:
 

 A. that the claims the Winslows wish to present have never been raised by them except in the district court in the present case, nor finally disposed of by any federal or state court and are not, to the best of their knowledge, barred by collateral es-toppel or res judicata;
 

 B. that to the best of their knowledge, the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal is not interposed for any improper purpose, such as delay, or needless increase in the cost of litigation, or to avoid the valid execution of a judgment, and;
 

 C. that the Winslows will comply with all appellate rules of procedure and local rules of this court.
 

 See Winslow v. Romer,
 
 759 F.Supp. 670, 683-85 (D.Colo.1991).
 

 These documents shall be submitted to the clerk of this court, who shall forward them to the Chief Judge for review. She will then make a determination whether to allow the appeal to proceed forward on a pro se basis. If the Chief Judge does not approve the appeal, the matter will be dismissed. If she approves the documents submitted, the clerk shall file an order to that effect. The appeal shall then proceed in accordance with the Federal Rules of Appellate Procedure and this court’s local rules of practice.
 

 The Winslows shall have ten days from the date of this order to file written objections to these proposed sanctions.
 
 See Tripati,
 
 878 F.2d at 354. Their response shall be limited to fifteen pages.
 
 See Christensen v. Ward,
 
 916 F.2d 1462, 1469 (10th Cir.),
 
 cert. denied,
 
 498 U.S. 999, 111 S.Ct. 559, 112 L.Ed.2d 565 (1990). If no objections are filed, or the court does not find the objections persuasive, the sanctions shall go into effect twenty days
 
 *317
 
 from the date of this order. The restrictions will apply to any matter filed after that time.
 

 Accordingly, following the GRANT of the Winslows’ motion to file a reply brief out of time, the judgment of the United States District Court for the District of Colorado is AFFIRMED. The Winslows’ petition for habeas corpus relief is DENIED. The motion for oral argument is DENIED.
 

 [1]
 

 .
 
 See Winslow v. Dyer,
 
 No. 84-1746, affirmed;
 
 Winslow v. Williams,
 
 No. 84-1749, dismissed;
 
 Winslow v. Leh,
 
 No. 84-1755, affirmed;
 
 Winslow v. Shinn,
 
 No. 87-1232, affirmed;
 
 Winslow v. McFarlane (In re Winslow),
 
 No. 87-2271, vacated and remanded to dismiss for lack of jurisdiction;
 
 Winslow v. Coyte,
 
 No. 87-2871, dismissed;
 
 Winslow
 
 v.
 
 Hunter,
 
 No. 88-1264, dismissed;
 
 Winslow v. Morgan County,
 
 No. 90-1179, affirmed;
 
 Winslow v. Morgan County Comm’rs,
 
 No. 88-2864, dismissed for lack of jurisdiction;
 
 Winslow v. Matsch,
 
 No. 91-597, petition denied;
 
 Winslow v. Matheson,
 
 No. 91-605, petition denied;
 
 Winslow v. Kane,
 
 No. 91-661, petitions denied;
 
 Winslow v. Williams Group (In re Winslow),
 
 No. 91-1047, stay denied, judgment affirmed;
 
 Winslow v. Hunter,
 
 No. 91-1239, dismissed for lack of appellate jurisdiction;
 
 Winslow v. Kane,
 
 No. 92-529, petition denied;
 
 Winslow v. Nottingham,
 
 No. 93-653, procedurally terminated for want of prosecution.
 

 [2]
 

 . The Winslows are not restricted in appeals in which they are the appellees.