**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK C. LYNN,

        Plaintiff-Appellant,

v.

LARRY MCCLAIN,

        Defendant-Appellee.

No. 97-3370
(D.C. No. 97-CV-3173)
(D. Kan.)

---

PATRICK C. LYNN,

        Plaintiff-Appellant,

v.

LARRY MCCLAIN, Johnson County
Administration District Court Judge,

        Defendant-Appellee.

No. 97-3371
(D.C. No. 97-CV-3162)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.

Plaintiff Patrick C. Lynn brought these actions seeking injunctive relief under 42 U.S.C. § 1983 against the Honorable Larry McClain, administrative judge of the district court of Johnson County, Kansas. The district court concluded that plaintiff had failed to state a claim for relief and summarily dismissed the cases pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Although it is yet unclear whether we review a dismissal under § 1915(e)(2)(B)(ii) de novo, as we would a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6),        see Chemical Weapons Working Group, Inc. v. United States Dep't of the Army    , 111 F.3d 1485, 1490 (10th Cir. 1997), or for an abuse of discretion, as we would a dismissal under § 1915(e)(2)(B)(i), the successor to § 1915(d),        see Schlicher v. Thomas , 111 F.3d 777, 779 (10th Cir. 1997), we conclude plaintiff's arguments fail under either standard.

Plaintiff is currently incarcerated in a Kansas state prison, having been convicted in the Johnson County court in November 1996 of a variety of charges including aggravated kidnaping and rape. He is an extremely active litigant. By April 1997, before his direct criminal appeal had been resolved and possibly not

even briefed, he had filed six civil lawsuits in Johnson County district court against various individuals who had some involvement in his convictions, e.g., the trial judge, his court-appointed counsel, the wife of a juror, the prosecutor, the victim of the rape, and a witness, asserting various claims for denial of civil rights, legal malpractice, conspiracy, and various other state torts. All pleadings filed in these cases were apparently handwritten. As the district administrative judge, defendant had assigned the cases to several different judges, including himself. On April 11, 1997, defendant, again in his capacity as administrative judge, issued an order informing plaintiff that his pleadings in six cases did not comply with Kansas Supreme Court Rule 111 requiring, inter alia, that all pleadings must be typed. Defendant ordered plaintiff to comply with the rule (and an unrelated statute) by May 1 or the cases would be dismissed. On April 24, plaintiff filed a petition for emergency injunctive relief in the Kansas Supreme Court apparently challenging the order, and that petition was denied on April 29. Plaintiff failed to comply with the order, and the cases were dismissed on May 6. The district court rejected his handwritten notices of appeal for failure to comply with Rule 111.

In mid-May, plaintiff submitted for filing two typewritten suits that apparently combined and revised four of the dismissed suits. [1] On May 27, the State of Kansas, through its attorney general, petitioned the Johnson County district court for an order imposing filing restrictions on plaintiff as a condition of his bringing further actions in Kansas state courts. The basis for the state's petition was that the suits plaintiff had filed were malicious and frivolous and were brought to retaliate against people involved in his criminal case. Defendant entered an order imposing the filing restrictions that same day. On July 10, a different judge entered an order allowing plaintiff to file legible, handwritten pleadings. On July 31, defendant sent plaintiff a letter indicating that his application to file the two typewritten suits did not comply with the filing restrictions and requiring plaintiff to comply with the restrictions by submitting information regarding the factual basis and probable cause supporting each claim he was asserting.

---

[1] About the same time he also filed in federal district court a § 1983 action against the wife of the juror, the prosecutor and others. The district court dismissed that case, district court No. 97-3213-GTV, as frivolous. In a companion appeal to this one, we have affirmed the district court's dismissal. Lynn v. Dubowski, No. 97-3368 (10th Cir. October 19, 1998). In July 1997, plaintiff filed case No. 97-3294-GTV in the district court asserting a § 1983 claim against the public defender assigned to prosecute his direct criminal appeal. This case also restated one of the dismissed state cases. The district court dismissed this case for failure to state a claim under § 1915(e)(2)(B)(ii). Again, we have affirmed the district court's dismissal. Lynn v. Kunen, No. 97-3287 (10th Cir. October 19, 1998).

Meanwhile, on April 22, 1997, plaintiff filed a § 1983 complaint that the district court docketed as case No. 97-CV-3162. In the complaint, plaintiff alleged that defendant's order requiring him to submit typewritten pleadings, among other things, violated his constitutional right to meaningful access to courts and sought an order enjoining defendant from dismissing his cases and allowing him to file handwritten pleadings. On April 24, he submitted several documents, including a motion for temporary injunction and show cause order and a petition for writ of habeas corpus ad testificandum, that the district court docketed as a separate case, docket No. 97-CV-3173. On May 30, plaintiff filed in this court a petition for writ of mandamus seeking an order directing the district court to order service of the complaint, grant a preliminary injunction, hold a show cause hearing, order the district judge to recuse himself, and order reinstatement of his state lawsuits. We denied the mandamus petition on July 25, and his petition for rehearing en banc on August 25.

On July 31, the district court issued its order dismissing plaintiff's cases. The court noted that while defendant enjoyed absolute immunity from damages, he could be subject to injunctive relief under § 1983.    See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). It found that defendant acted within his authority as administrative judge under Kan. Stat. Ann. § 20-329 in requiring plaintiff to comply with Kansas Supreme Court Rule 111 in all of his state cases and did not

violate plaintiff's constitutional rights. It also found that his claim that defendant conspired with the prosecutor, defense counsel, and others from his criminal case conclusory and vague. The court therefore dismissed the cases for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff moved for reconsideration contending, inter alia, for the first time that the district court should not have docketed the two cases separately. The court denied the motion.

We agree with the district court that defendant acted within his authority as administrative judge under Kan. Stat. Ann. § 20-329 in requiring plaintiff's compliance with Kansas Supreme Court Rule 111 in all of plaintiff's state cases. Cf. Krogen v. Collins, 907 P.2d 909, 912 (Kan. Ct. App. 1995) ("[A]ny district judge has authority to issue an order in any case in the judge's assigned district unless such action would contravene the administrative judge's supervisory authority."). More importantly, the specific requirement of Rule 111 about which plaintiff most vehemently complains--the prohibition against hand-written pleadings--has since been waived, thus making his request for injunctive relief to allow him to file handwritten pleadings moot.

Plaintiff requests that we order defendant to reinstate his dismissed state actions. We presume that the only reason why plaintiff wants these particular actions reinstated is that they preceded imposition of the filing restrictions and he somehow expects that those restrictions would not apply to the earlier cases.

Plaintiff does not have a constitutional right to prosecution or reinstatement of these particular cases since the Kansas court will allow him to refile the cases as long as he complies with the filing restrictions. Moreover, the filing restrictions themselves are not unconstitutional, see, e.g. , In re Winslow , 17 F.3d 314, 315 (10th Cir. 1994), and plaintiff has presented no cause for us to conclude their imposition by the Kansas courts was improper.

Plaintiff also contends that the district court erroneously failed to combine his two cases--Nos. 97-CV-3162 and 97-CV-3173--into one action, thus requiring him to pay two filing fees and possibly subjecting him to two "PLRA strikes," see 28 U.S.C. § 1915(g). Plaintiff proceeded for months filing documents under both district court case numbers, and did not raise this issue until he filed a motion for reconsideration of the district court's order dismissing the cases. We review the denial of a motion for reconsideration for abuse of discretion, see Thompson v. City of Lawrence , 58 F.3d 1511, 1514-15 (10th Cir. 1995), and see no abuse of that discretion.

Plaintiff's motion to supplement the record on appeal is DENIED. The judgment of the district court dismissing plaintiff's cases for failure to state a

claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is AFFIRMED.  We conclude that this appeal is frivolous or fails to state a claim and counts as a prior occasion for purposes of § 1915(g).  Because a complaint dismissed under § 1915(e)(2)(B)(i) or (ii) that is affirmed on appeal counts as two prior occasions for purposes of § 1915(g), two "strikes" are recorded against plaintiff.  Because we have also affirmed two other dismissals of plaintiff's civil rights claims under § 1915(e)(2)(B)(i) or (ii),    Lynn v. Dubowski  , No. 97-3368 (10th Cir. October 19, 1998),  Lynn v. Kunen  , No. 97-3287 (10th Cir. October 19, 1998), plaintiff now has a total of six "strikes" against him for purposes of § 1915(g).  The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge