F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN G. WESTINE, JR.,

      Petitioner - Appellant,

v.

W.A. PERRILL, Warden; and
FEDERAL BUREAU OF PRISONS,

      Respondents - Appellees.

Nos. 05-1498 and 05-1516
(D.C. No. 95-K-2350)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

John G. Westine, a federal prisoner proceeding pro se, appeals the denial of

two motions to reopen his 1995 habeas corpus petition on the grounds that the

indictment in his underlying criminal case included a charge that does not state a

crime or offense as defined by Congress. His motions are frivolous. Federal Rule

of Civil Procedure 60(b), under which he brings the motions, does not provide

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Westine with the means for raising such an argument following the denial of habeas corpus. His motion is simply an effort to reargue the merits of his 1995 habeas petition, which we have rejected in different iterations on a number of occasions.

Westine previously filed an effectively identical petition for a writ of mandamus, which this court rejected on February 21, 2006. We stated: "Because of Mr. Westine's long history of repeatedly challenging the same convictions and sentences before this court, and due to his recent flurry of filing activity in the district court and this court, we caution him that any further frivolous original proceedings or appeals may subject him to filing restrictions."

Because Westine has refused to adhere to the admonition we issued in denying his petition for a writ of mandamus, and because our court is burdened with his continuing frivolous filings, we sua sponte find it necessary to impose filing restrictions. See Winslow v. Homer (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994). Accordingly, we **DENY** Westine's motion to proceed in forma pauperis and we **AFFIRM** the district court's decision to dismiss the appeal.

Additionally, we hereby **ENJOIN** Westine from proceeding as an appellant unless either (1) he is represented by a licensed attorney admitted to practice in this court, or (2) he first obtains permission to proceed pro se.

To proceed pro se, Westine must take the following steps:

1.  File a petition with the clerk of this court requesting leave to file a pro se action, which includes a list of all actions currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal; and

2.  File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted for modifying the district court's decision, and describing with particularity the order being challenged. The affidavit also must certify, to the best of Westine's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.

Once these documents are submitted to the clerk of the court, the clerk shall forward them to the Chief Judge for review to determine whether to permit an appeal. Without the Chief Judge's approval, the matter will be dismissed. If

the Chief Judge approves the filing, an order shall be entered indicating that the appeal shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Westine shall have fifteen days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If he does not file objections, the sanctions shall take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If petitioner does file timely objections, these sanctions shall not take effect until after this court has ruled.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge