**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

ANTHONY P. KEYTER,

      Plaintiff-Appellant,

v.

535 MEMBERS OF THE 110TH
CONGRESS; 443 SEDITIOUS
CONSPIRATORS; 443 KNOWN
INSURGENTS; GEORGE W. BUSH,
United States President; JOHN G.
ROBERTS, Chief Justice; MICHAEL
MUKASEY, Attorney General, and
ROBERT MUELLER, Director of the
Federal Bureau of Investigations,

      Defendants-Appellees.

Nos. 08-1061, 08-1063, and 08-1064[*]

(D. of Colo.)

(D.C. Nos. 1:08-CR-00085-ZLW,
1:08-CR-00086-ZLW,
and 1:08-CR-00087-ZLW)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[***]

---

[*] We treat Keyter's motions for joinder, each styled "Ex Parte Motion for Joinder," as motions for consolidation and combine the three cases for purposes of this decision.

[**] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[***] After examining the briefs and the appellate records, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The consolidated causes are therefore ordered submitted without

(continued...)

Anthony P. Keyter appeals the district court's *sua sponte* dismissal of his pro se complaints.[1] In the complaints, Keyter sought to initiate criminal prosecutions against Defendants under various federal criminal statutes. *See, e.g.*, 18 U.S.C. § 2384 (seditious conspiracy). The district court dismissed for lack of standing, reasoning a private citizen cannot initiate criminal prosecutions.

We agree and therefore AFFIRM the district court's dismissal. We also propose filing restrictions.

## I. Background

For several years now, Keyter has been filing complaints in various federal courts around the country, seeking to initiate criminal prosecutions. *See Keyter v. Bush*, No. 08-97, 2008 WL 613129, at *2 (D. Del. Mar. 5, 2008) (noting Keyter's litigation activities in Arizona, Delaware, District of Columbia, Texas, and Washington). As best we can tell, all of his lawsuits, including the complaints in this case, stem from "the same basic transaction, which was a marital dissolution action" in the State of Washington. *Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d 604, 605 (W.D. Wash. 2005). Dissatisfied with the result of his divorce proceedings, and unable to subsequently obtain relief from various state and

---

***(...continued)
oral argument.

[1] Because Keyter is proceeding pro se, we review his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

federal government officials around the country, Keyter seeks to prosecute these officials criminally.

## II. Discussion

### A. Standing

The district court correctly dismissed Keyter's complaints for lack of standing. The law is crystal clear: "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *accord Doyle v. Okla. Bar. Ass'n*, 998 F.2d 1559, 1567 (10th Cir. 1993). Keyter, a private citizen, has no standing to initiate federal criminal prosecutions.

Keyter is well aware of this since several of his federal complaints have been dismissed on this ground. *Bush*, 2008 WL 613129, at *2 (dismissing Keyter's complaint for lack of standing and noting his other federal cases similarly dismissed). In light of his numerous prior filings, each resulting in the court telling him why he cannot initiate criminal prosecutions, we are forced to conclude Keyter is using federal courts to pursue abusive litigation.

This brings us to filings restrictions.

**B. Filing Restrictions**

Federal courts have the inherent power under 28 U.S.C. § 1654(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant. *See Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994). Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See Tripati v. Beaman*, 878 F.2d 351, 353–54 (10th Cir. 1989).

In view of Keyter's abusive pattern of filing frivolous complaints, seeking to initiate criminal prosecutions after being told repeatedly he cannot do so, we must restrict his access to this court. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow*, 17 F.3d at 315 (quotation and alteration omitted). Therefore, subject to Keyter's opportunity to object, as described below, we propose the following reasonable filing restrictions on future filings by Keyter dealing with requests to initiate criminal prosecutions.

Keyter is ENJOINED from proceeding in this court as a petitioner in an original proceeding or as an appellant in a civil matter (except in these combined

appeals) unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se. To obtain permission to proceed pro se, Keyter must take the following steps:

1. File a petition with the clerk of this court requesting leave to file an original proceeding or to proceed pro se on appeal. If Keyter seeks to proceed pro se on appeal, he must file the petition with the clerk of this court not more than ten days after filing his notice of appeal in the district court;

2. Include in the petition the following information:

A. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

B. A list apprising this court of all outstanding injunctions or orders limiting Keyter's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3. File with the clerk of this court a notarized affidavit, in proper legal form, which recites the issues Keyter seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit also must certify, to the best of Keyter's knowledge, that the legal arguments being raised are not frivolous or

made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal or other matter is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court. The affidavit must be filed with the petition and is therefore subject to the same ten-day filing deadline as the petition in the case of a pro se appeal.

These documents shall be submitted to the clerk of this court. The matter will be dismissed for failure to prosecute if the required documents are not submitted, are submitted in an improper form, or are untimely submitted. If the matter is not dismissed for failure to prosecute, the clerk shall forward the documents to the Chief Judge or the Chief Judge's designee for review to determine whether to permit Keyter to file an original proceeding or to pursue an appeal. Without the approval of the Chief Judge or the Chief Judge's designee, the matter will be dismissed. If the Chief Judge or the Chief Judge's designee approves the petition, an order shall be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Keyter shall have ten days from the date of this order and judgment to file written objections to these proposed filing restrictions. *See Winslow*, 17 F.3d at 316. The response shall be limited to 15 pages. *See id.* If Keyter does not timely

file objections, the filing restrictions shall take effect 20 days from the date of this order and judgment, and the filing restrictions shall apply to any matter filed after that time, except for further filings in these combined appeals. *Id.* at 316–17. If Keyter does file timely objections, the filing restrictions shall not take effect until after this court has ruled on those objections.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Keyter's complaints. We DENY AS MOOT Keyter's motion styled "Urgent Ex Parte Motion to Appoint a Prosecutor."

Entered for the Court
Per Curiam
