**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE M. JIRON,

      Plaintiff - Appellant,

v.

STATE OF COLORADO; BILL W.
RITTER, JR., individually and in his
official capacity as Governor of
Colorado; OFFICE OF THE ATTORNEY
GENERAL; JOHN W. SUTHERS,
individually and in his official capacity as
Attorney General of Colorado;
DEPARTMENT OF CORRECTIONS;
ARISTEDES ZAVARAS, individually
and in his official capacity as Director of
D.O.C.; WARDEN BRIGHAM SLOAN,
individually and in his official capacity as
Warden, B.C.C.F., Las Animas,

      Defendants - Appellees.

No. 09-1118

(D. Colorado)

(D.C. No. 1:09-CV-00468-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining Appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Pro se* litigant, Lawrence M. Jiron, appeals the district court's dismissal of the civil rights complaint he filed pursuant to 42 U.S.C. § 1983. The district court noted Jiron has been permanently enjoined from filing *pro se* civil complaints in the District Court for the District of Colorado without first seeking leave of the court and providing the information detailed in the sanction order dated September 17, 1998. Because Jiron did not comply with the terms of the sanction order, the court dismissed his complaint.

In his appellate brief, Jiron argues the merits of the claims raised in his complaint. Buried in the brief, is a single, unsupported statement that the dismissal of his complaint was a violation of his Seventh Amendment rights. We have previously held that federal courts have the inherent power pursuant to 28 U.S.C. § 1651 to impose filing restrictions on abusive litigants. *See In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). Jiron has filed no fewer than nineteen civil actions in the Colorado district court. Accordingly, we discern no reversible error in the district court's order.

After reviewing the record, the appellate brief, and the applicable law, we **affirm** the dismissal of Jiron's complaint for substantially the reasons stated by

the district court in its Order dated March 4, 2009.  We **deny** Jiron's motion to proceed *in forma pauperis* on appeal and remind Jiron he is responsible for the immediate payment of any unpaid balance of the appellate filing fee.  All other outstanding motions are **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge