20-4154-cv
Medina v. Comm'r of Soc. Sec.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-two.

PRESENT:    ROSEMARY S. POOLER,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges*.
-----------------------------------------------------------------

JOSE E. MEDINA,

    *Plaintiff-Appellant*,

    v.                                                                No. 20-4154-cv

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant-Appellee*.
-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:               Max D. Leifer, Max Leifer P.C.,
                                       New York, NY

FOR DEFENDANT-APPELLEE:                Varuni Nelson, Arthur Swerdloff,
                                       Dara A. Olds, Assistant United
                                       States Attorneys, *for* Breon Peace,
                                       United States Attorney for the
                                       Eastern District of New York,
                                       Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the case is REMANDED.

Jose E. Medina appeals from a November 30, 2020 judgment of the District Court (Mauskopf, J.) granting the Commissioner of Social Security's motion for judgment on the pleadings, denying Medina's motion for judgment on the pleadings, and dismissing the suit. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

The principal issue in this appeal is whether the Social Security Administration violated Medina's due process rights by denying him the

2

opportunity for a hearing in connection with redetermining his benefits under Section 205(u) of the Social Security Act, 42 U.S.C. § 405(u).  The Commissioner initially argued that no such hearing was required.  In light of Social Security Ruling 22–1p, effective as of May 17, 2022, however, the Commissioner now concedes that the matter should be remanded to the agency to afford Medina the opportunity, at a hearing, "to object to the exclusion of evidence in his application."  ECF No. 144 at 1–2; ECF No. 146 (unopposed motion to remand the case for further administrative proceedings); see SSR 22–1p § (C)(2)(c) (stating that before the agency disregards evidence pursuant to Section 205(u)(1)(B) of the Social Security Act "at the hearings level of [the] administrative review process," it "will consider the individual's objection to the disregarding of that evidence").  We note that Social Security Ruling 22–1p brings the agency's practice in line with the decisions of our sister circuits, which concluded that the agency's previous redetermination procedures "violate[d] long-standing principles of procedural due process."  Hicks v. Comm'r of Soc. Sec., 909 F.3d 786, 797 (6th Cir. 2018); see Kirk v. Comm'r of Soc. Sec. Admin., 987 F.3d 314, 323 (4th Cir. 2021) (holding that the agency's redetermination

3

procedures "violated Plaintiffs' due process rights" because they had no opportunity to contest the fraud allegations against them); cf. Jaxson v. Saul, 970 F.3d 775, 778 (7th Cir. 2020) (holding, under the Administrative Procedure Act, that the plaintiff had the right to be heard regarding whether there was reason to believe that his evidence was fraudulent).

For the foregoing reasons, we GRANT the Commissioner's unopposed motion to vacate and remand the case for further administrative proceedings, VACATE the judgment of the District Court, and REMAND the case with instructions to the District Court to remand the matter to the Social Security Administration for the agency to conduct further administrative proceedings in which Medina may voice his objections.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4