**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Counter-
    Defendant - Appellee,

v.

129.97 ACRES OF LAND, MORE OR
LESS, SITUATED IN DAVIS
COUNTY, UTAH; EDWIN M.
HIGLEY; CARL BOWN; B.C.
PROPERTIES; MTGLQ INVESTORS,

    Defendants - Appellees,

LYNN A. JENKINS,

    Defendant-Counter-
    Claimant - Appellant.

No. 01-4113
D.C. No. 1:97-CV-95-K
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Lynn A. Jenkins appeals following the district court's entry of an Amended Judgment and Final Order of Condemnation in a suit brought by the United States to condemn a parcel of land in Davis County, Utah. The government moved to dismiss Mr. Jenkins' appeal on standing and res judicata grounds. These are legal issues which we review de novo. *See United States v. Power Eng'g Co.*, 303 F.3d 1232, 1240 (10th Cir. 2002) (res judicata); *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1072 (10th Cir. 2002) (standing).

"Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). The record demonstrates that the district court had earlier determined that Mr. Jenkins, who was joined as a defendant in the underlying action upon a claim of ownership of the land in question, had no interest in the property. This determination was affirmed on appeal. Therefore, the question of Mr. Jenkins' ownership in the property is res judicata. Without an ownership interest in the property,

Mr. Jenkins lacks standing to challenge the district court's rulings in the underlying condemnation action. *See United States v. 8136 S. Dobson St.,* 125 F.3d 1076, 1087 (7th Cir. 1997).

Accordingly, the government's motion to dismiss is GRANTED. Further, after a review of Mr. Jenkins' briefs, we conclude that the majority of his arguments have been raised in previous appeals. Because this is not the first time Mr. Jenkins has sought to relitigate these issues, we conclude the appeal is frivolous. This appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge