**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Counter-
      Defendant-Appellee,

v.

129.97 ACRES OF LAND, MORE OR
LESS, SITUATED IN DAVIS
COUNTY, STATE OF UTAH;
EDWIN M. HIGLEY; CARL BOWN;
B.C. PROPERTIES,

      Defendants,

MTGLQ INVESTORS, L.P.,

      Defendant-Appellee,

LYNN A. JENKINS,

      Defendant-Counter-
      Claimant-Appellant.

No. 03-4275
(D.C. No. 97-CV-95-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is appellant Lynn A. Jenkins's fourth appeal concerning a district court ruling that he has no interest in property condemned by the United States in 1997. He now appeals from the district court's order denying his amended motion, filed pursuant to Fed. R. Civ. P. 52, for a more definite statement of that court's denial of his motion to dismiss the action and to dismiss defendant MTGLQ Investors, L.P. We dismiss this frivolous appeal.

This case has a lengthy procedural history. In 1997, the United States filed an action in district court to condemn certain real property. Mr. Jenkins asserted an ownership interest in the property and was added as a defendant. The district court granted the United States's motion for summary judgment against Mr. Jenkins on the ground that he had no ownership interest in the property and therefore had no standing to be a party to the action. Accordingly, the district court dismissed Mr. Jenkins from the suit. This court affirmed. *United States v. 129.97 Acres of Land*, No. 99-4122, 2000 WL 766280 (10th Cir. June 14, 2000).

Mr. Jenkins filed a separate action against the Secretary of the Interior challenging the Secretary's actions in the condemnation action and seeking declaratory relief with respect to the property in that action. The district court held that the earlier condemnation judgment was res judicata and that Mr. Jenkins lacked standing to proceed. We affirmed. *Jenkins v. Babbitt*, No. 00-4057, 2000 WL 1773236 (10th Cir. Dec. 4, 2000).

In 2001, before the condemnation proceeds were distributed, the United States and MTGLQ, who had not been properly served, stipulated that the judgment should be amended to award the proceeds to MTGLQ as first lien holder on the condemned property. The district court amended the judgment, and Mr. Jenkins appealed, again asserting previously rejected arguments. We dismissed the appeal as frivolous, determining that Mr. Jenkins lacked standing to appeal and the ownership-interest question was res judicata. *United States v. 129.97 Acres of Land*, No. 01-4113, 2002 WL 31716628 (10th Cir. Dec. 4, 2002). In addition, we granted MTGLQ's motion for sanctions against Mr. Jenkins for filing a frivolous appeal and remanded to the district court to determine a reasonable award of attorney's fees under Fed. R. App. P. 38. The district court awarded attorney's fees and costs in the amount of $3,379.50.

Thereafter, Mr. Jenkins filed in the district court a motion to dismiss the action and MTGLQ as a party. The district court denied the motion finding that

Mr. Jenkins was no longer a party to the case and that the case was resolved and closed. The court also denied his motion to reconsider, warning him that any further filing would result in sanctions. Mr. Jenkins then filed a motion under Rule 52 for a more specific statement of the district court's basis for denying the motion to dismiss. Finding Rule 52 inapplicable, the district court denied the motion and imposed a $500.00 sanction against Mr. Jenkins. Mr. Jenkins also filed an amended Rule 52 motion and a request that the district court judge recuse. The district court denied the motion and request, specifically noting that Mr. Jenkins lacked standing and that his repeated filings after repeated rulings that he had no standing abused the litigation process.

On appeal, Mr. Jenkins contends the district court erred in refusing to dismiss because the United States (1) fraudulently undervalued the condemned property; (2) failed to serve timely MTGLQ; and (3) failed to follow state law in acquiring title to the property. Underlying each of these arguments is his assertion of an ownership interest in the condemned property. MTGLQ and the United States argue that this appeal should be dismissed because this court has already affirmed the district court's ruling that Mr. Jenkins has no standing to participate in this litigation and that determination is res judicata. We agree.

"Under res judicata, a final judgment on the merits bars further claims by parties . . . based on the same cause of action." *United States v. Power Eng'g*

-4-

*Co.*, 303 F.3d 1232, 1240 (10th Cir. 2002) (quotation omitted).  As set forth above, this court has finally decided that Mr. Jenkins has no ownership interest in the subject property and lacks standing to participate in any litigation concerning it.  Mr. Jenkins was therefore barred by res judicata from pursuing the post-judgment motions he filed in the district court.  This fourth appeal is clearly frivolous.

MTGLQ requests that we impose sanctions under Rule 38 against Mr. Jenkins in the amount of its reasonable attorney's fees.  Mr. Jenkins has had an opportunity to respond to the request.  Sanctions are appropriate here, because Mr. Jenkins has received multiple rulings from the district court and this court explaining to him that the issue of his alleged ownership in the property has been decided against him and is now res judicata.  Notwithstanding this and the fact that sanctions have been imposed against him twice, Mr. Jenkins refuses to accept the district court's or this court's decisions.  We therefore impose sanctions against Mr. Jenkins for filing another frivolous appeal, *see Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1031 n.14 (10th Cir. 2002), in an amount equal to MTGLQ's reasonable attorney's fees incurred in defending this appeal, *see Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000) (applying Rule 38).  We remand to the district court to determine reasonable attorney's fees.

We caution Mr. Jenkins that if he persists in filing more frivolous pleadings or appeals reasserting issues already ruled on in prior litigation, his ability to proceed pro se in the federal courts of this circuit will be restricted. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003) (giving similar warning).

We **DISMISS** this appeal as frivolous, and we **REMAND** to the district court for a determination of reasonable attorney's fees. The mandate shall issue forthwith.

Entered for the Court


Stephanie K. Seymour
Circuit Judge