**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 9, 2007**

**FOR THE TENTH CIRCUIT**

LYNN ALLAN JENKINS, I,

        Plaintiff-Appellant,

v.

MTGLQ INVESTORS;
JOHN DOES 1-10,

        Defendants-Appellees.

Nos. 05-4057, 05-4237 & 05-4287
(D.C. No. 03-CV-148-TC)
(D. Utah)

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

LYNN ALLAN JENKINS, I,

        Defendant-Appellant,

MTGLQ INVESTORS,

        Defendant-Appellee,

    and

129.97 ACRES OF LAND, MORE OR
LESS, SITUATED IN DAVIS
COUNTY, STATE OF UTAH;
EDWIN M. HIGLEY; CARL BOWN;
B.C. PROPERTIES,

        Defendants.

No. 06-4051
(D.C. No. 97-CV-95-DAK)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

Plaintiff-appellant Lynn Jenkins, proceeding pro se, has four pending appeals, three of which, Nos. 05-4057, 05-4237, and 05-4287, arise from one action and have been consolidated. The fourth appeal, No. 06-4051, arises from a related matter, and we have combined it with the consolidated appeals for dispositional purposes only. Because Mr. Jenkins appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). We have jurisdiction over all four appeals under 28 U.S.C. § 1291, and we affirm all of the district courts' decisions at issue. We also propose filing restrictions on Mr. Jenkins based on his litigation conduct in case No. 06-4051.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

<u>The Consolidated Appeals:  Nos. 05-4057, 05-4237, and 05-4287</u>

The consolidated appeals arise from a quiet title action Mr. Jenkins filed in Utah state district court concerning 22.59 acres of real property in Syracuse, Utah.  In support of his claim that he was holder of fee title to the land, he alleged that he had pledged the land as security for a loan obtained by a third party from the predecessor in interest of defendant-appellee MTGLQ Investors, a Delaware limited partnership in the business of purchasing and collecting unpaid loans. Based on that pledge, he claimed to be an "accommodation party" under Utah law, and based on that status, he asserted that MTGLQ's refusal of his tender of a payoff amount effected a discharge of the debt, thus clearing title.

Mr. Jenkins did not serve a summons or a copy of the complaint on MTGLQ.  Instead, he attempted to effectuate service by serving the Utah Division of Corporations and Commercial Code (Division) based on Utah Code Ann. § 48-2a-907(4), by which a foreign limited partnership "transacting business" in Utah without registration appoints the director of the Division as its agent for service of process.  He did so despite the fact that whether or not MTGLQ was "transacting business" in Utah, as that term is defined under Utah law, was at issue in pending litigation between the parties in another Utah judicial district, and despite his familiarity with MTGLQ from the litigation that underlies the appeal we have combined with the consolidated appeals.  He then obtained a default judgment against MTGLQ for nearly $2,000,000.

Several months later MTGLQ learned of Mr. Jenkins's lawsuit after receiving a foreclosure report that disclosed a judgment lien against certain real property. MTGLQ then removed the state suit to federal court under 28 U.S.C. § 1441(a) based on diversity of citizenship and successfully moved to set aside the default judgment under Fed. R. Civ. P. 60(b) based on the defective service. In setting aside the default judgment, the district court found, among other things, that MTGLQ was not transacting business in Utah as that term is defined under Utah law and that service on the Division was improper. The court also denied Mr. Jenkins's motion to dismiss or strike, which essentially was a motion to remand. From that interlocutory order Mr. Jenkins filed an appeal, which we dismissed for lack of jurisdiction. *See Jenkins v. MTGLQ Inv.*, No. 04-4107 (10th Cir. Aug. 20, 2004) (order dismissing appeal).

Thereafter, the district court granted MTGLQ's motion to dismiss the case for failure to state a claim upon which relief can be granted, concluding, among other things, that Mr. Jenkins lacked standing because he had sold the property in question prior to filing suit and because he was not an accommodation party under Utah law. Finding the filing of the case and its continued prosecution to be frivolous and abusive, the district court assessed a $1,000 sanction against Mr. Jenkins under Fed. R. Civ. P. 11 and later awarded $15,000 in attorney's fees to MTGLQ. The court also issued orders of contempt to Mr. Jenkins for failing to abide by the court's order to sign papers necessary to vacate and set aside invalid

-4-

judgments he had filed or domesticated against MTGLQ in foreign jurisdictions that were based on the default judgment.  The court eventually remanded him to the custody of the United States Marshals for his continued refusal to sign the necessary papers but, several weeks later, granted his motion for release from custody due to his declining mental and physical health.  The court also denied Mr. Jenkins's motions for a stay of appeal and a new trial.

The consolidated appeals arise from the orders discussed above.  For the reasons stated below, we affirm all of those decisions.

In his appellate brief, Mr. Jenkins argues that removal was improper because MTGLQ did not establish complete diversity of citizenship.  He did not raise this issue in the district court, but because it is jurisdictional, we must review it.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  We review the propriety of removal de novo.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).

In *Carden v. Arkoma Associates*, the Supreme Court held that the citizenship of a limited partnership for diversity purposes depends on the citizenship of all its members and left to Congress the task of extending the corporation-citizenship rule of 28 U.S.C. § 1332(c)[1] to unincorporated entities.

---

[1]     Section 1332(c) provides in relevant part that for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

(continued...)

494 U.S. 185, 195-97 (1990). In order to effect removal under 28 U.S.C. § 1441(a) based on diversity of citizenship, therefore, a limited partnership must show that the citizenship of all its general and limited partners is diverse from the plaintiff.[2]

In its original notice of removal, MTGLQ pleaded its citizenship as a limited partnership organized under Delaware law and having its principal place of business in New York. Acknowledging that the statement was defective because it failed to account for the citizenship of all its partners, MTGLQ has filed with this court a motion to amend its notice of removal. *See* 28 U.S.C. § 1653 (permitting amendment of defective jurisdictional allegations in either the district or appellate court); *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (recognizing this court's power to permit a party to supply omitted jurisdictional facts on appeal but declining to do so where the record suggested a possible lack of diversity). The motion to amend, which is well-supported with documentary evidence, indicates that none of MTGLQ's component entities that are capable of citizenship for diversity purposes are citizens of the state of Utah, the state of which Mr. Jenkins is a

---

[1](...continued)
business." 28 U.S.C. § 1332(c)(1).

[2]    In addition to completely diverse citizenship, diversity jurisdiction also requires that there be more than $75,000 in controversy. 28 U.S.C. § 1132(a). The amount of the default judgment indicates that this requirement is met.

citizen. Mr. Jenkins has not opposed the motion or otherwise provided any coherent argument that the amended jurisdictional allegations are untrue. Accordingly, we grant the motion to amend the notice of removal and conclude that removal based on diversity of citizenship was proper.

Mr. Jenkins also argues that under the *Rooker-Feldman* doctrine,[3] the district court lacked power to set aside the default judgment entered by the state court. This argument evidences a fundamental misunderstanding of both *Rooker-Feldman* and removal. Under 28 U.S.C. § 1257(a), "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." "The *Rooker-Feldman* doctrine arose out of this statute, and provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). Proper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them. *See Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943) ("The jurisdiction exercised on removal is original not appellate."). Thus, the *Rooker-Feldman* doctrine has no application to a properly removed case where, as here, there is no attack on a separate and final state-court judgment.

---

[3] The doctrine takes its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Several courts have implicitly approved of removal even after a state court has entered a default judgment. *See Murray v. Ford Motor Co.*, 770 F.2d 461, 463, 465 (5th Cir. 1985) (per curiam) (affirming order entered after removal that set aside default judgment); *Butner v. Neustadter*, 324 F.2d 783, 785-87 (9th Cir. 1963) (reversing order entered after removal that denied motion to set aside default judgment); *Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955) (per curiam) (affirming order entered after removal that set aside default judgment); *Cady v. Associated Colonies*, 119 F. 420, 423 (C.C.N.D. Cal. 1902) (vacating default judgment after removal where service on secretary of state was not valid constructive service as to foreign corporation that was not doing business in the state). Because, as the district court concluded, MTGLQ was never properly served with a copy of the summons, which is "the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights" absent waiver of service, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999), the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never started to run, *see id.* at 350 ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend"). MTGLQ's notice of removal therefore was timely despite being filed more than

-8-

three months after entry of the default judgment and more than eight months after Mr. Jenkins filed his complaint.

After removal, MTGLQ had the "right to the opinion of the Federal court . . . as to the validity of the service of process [in the state court]." *Mech. Appliance Co. v. Castleman*, 215 U.S. 437, 441 (1910); *see also Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995) (filing notice of removal does not waive challenge to the sufficiency of service in state court) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)). The district court then could set aside the default judgment under Fed. R. Civ. P. 55(c) and 60(b). *See* Fed. R. Civ. P. 81(c) (federal rules of civil procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); *cf.* 28 U.S.C. § 1450 (all orders entered prior to removal "shall remain in full force and effect until dissolved or modified by the district court").

As to the merits of the district court's order setting aside the default judgment, Mr. Jenkins makes only the barest mention of the court's determination that service on the Division was improper because MTGLQ was not transacting business in Utah within the meaning of Utah law. Because he has not advanced any reasoned argument that service was proper under Utah law, we do not consider that issue. *See Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

Mr. Jenkins argues for the first time on appeal that by setting aside the default judgment, the district court violated the Full Faith and Credit Clause, *see* U.S. Const. art. IV, § 1. Because he did not raise this nonjurisdictional issue in the district court, he has waived it. *See Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 708 & n.4 (10th Cir. 2004) (Full Faith and Credit issue not jurisdictional); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (failure to present issue to district court ordinarily results in waiver). Furthermore, he has not raised any issues concerning any of the district court's other orders. Accordingly, he has waived all other nonjurisdictional issues decided by the district court. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (failure to raise issue in opening appellate brief waives that issue).

## Appeal No. 06-4051

We set out the lengthy factual background and procedural history of this case in our order and judgment dismissing the last of Mr. Jenkins's four prior appeals and need not repeat it here. *See United States v. 129.97 Acres of Land*, 118 F. App'x 407 (10th Cir. 2004) (unpublished) (*Jenkins IV*). Suffice it to say that none of his prior appeals had any merit, and his third and fourth appeals were dismissed as frivolous, s*ee id.* at 409; *United States v. 129.97 Acres of Land*,

-10-

51 F. App'x 851, 852 (10th Cir. 2002) (*Jenkins III*).[4] Pertinent to this fifth appeal, we imposed monetary sanctions in *Jenkins IV* under Rule 38 of the Federal Rules of Appellate Procedure and remanded the matter to the district court for a determination of reasonable attorney's fees. *See Jenkins IV*, 118 F. App'x at 409. We also cautioned Mr. Jenkins that if he persisted in filing frivolous appeals or reasserting issues already ruled upon in prior litigation, his ability to proceed pro se in the federal courts of this circuit would be restricted. *Id.* On remand, the district court ordered Mr. Jenkins to pay $3,631.50 in attorney's fees to MTGLQ, and Mr. Jenkins has taken this appeal.

Notwithstanding our specific warning, Mr. Jenkins once again revisits the merits of the underlying case in his appellate brief. He also lists other issues that he contends this court must determine. But those issues concern the merits of the consolidated appeals we discussed above. Furthermore, those issues are not properly presented because they lack any supporting argument. *See Am. Airlines*, 967 F.2d at 415 n.8. Finally, Mr. Jenkins has not taken issue with the amount of the sanctions determined by the district court. Accordingly, he has waived the

---

[4]    In *Jenkins III* we granted MTGLQ's motion for sanctions for filing a frivolous appeal and remanded for a determination of reasonable attorney's fees, which the district court found was $3,379.50. *See Jenkins IV*, 118 F. App'x at 408 (discussing sanctions in *Jenkins III*). Our dispositions of the other two appeals are *Jenkins v. Babbitt*, No. 00-4057, 2000 WL 1773236 (10th Cir. Dec. 4, 2000) (unpublished), which was a related case, and *United States v. 129.97 Acres of Land*, No. 99-4122, 2000 WL 766280 (10th Cir. June 14, 2000) (unpublished).

issue, *see Mhoon*, 31 F.3d at 984 n.7, and we affirm the amount of sanctions. Because we find this appeal frivolous and Mr. Jenkins's pattern of litigation activity manifestly abusive, we conclude that filing restrictions are necessary.

"The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (quotation and alteration omitted). "[W]here, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *Id.* (quotation omitted). Therefore, subject to Mr. Jenkins's opportunity to object, as described below, we impose the following reasonable filing restrictions on future filings in this court by Mr. Jenkins "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction." *Id.* (quoting 28 U.S.C. § 1651(a)).

Mr. Jenkins is ENJOINED from proceeding as a petitioner in an original proceeding or as an appellant in this court unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se. To obtain permission to proceed pro se, Mr. Jenkins must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action;

-12-

2.  Include in the petition the following information:

A.  A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

B.  A list apprising this court of all outstanding injunctions or orders limiting Mr. Jenkins's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3.  File with the clerk a notarized affidavit, in proper legal form, which recites the issues Mr. Jenkins seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged.  The affidavit also must certify, to the best of Mr. Jenkins's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal or other proceeding is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge or her designee for review to determine whether

-13-

to permit an appeal. Without the approval of the Chief Judge or her designee, the matter will be dismissed. If the Chief Judge or her designee approves the filing, an order shall be entered indicating that the appeal shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. Jenkins shall have ten days from the date of this order to file written objections to these proposed sanctions. *See Winslow*, 17 F.3d at 316. The response shall be limited to fifteen pages. *See id.* If Mr. Jenkins does not file objections, the filing restrictions shall take effect twenty days from the date of this order, and the filing restrictions shall apply to any matter filed after that time. *Id.* at 316-17. If Mr. Jenkins does file timely objections, these sanctions shall not take effect until after this court has ruled on those objections.

## Conclusion

The district courts' orders are AFFIRMED in all four appeals. MTGLQ's motion to amend its notice of removal is GRANTED, and the action underlying the consolidated appeals is REMANDED to the district court for the limited purpose of permitting MTGLQ to file an amended notice of removal in substantially the same form as provided in Exhibit C to the motion. All other pending motions are DENIED as moot.

Entered for the Court

Wade Brorby
Circuit Judge

-14-