# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 21-2443

———————————————————

Paul I. Wills

*Plaintiff - Appellee*

v.

Encompass Insurance Company; Encompass Indemnity Company

*Defendants - Appellants*

Allstate Insurance Company

*Defendant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

——————————

Submitted: January 13, 2022
Filed: September 6, 2022

——————————

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

——————————

KOBES, Circuit Judge.

After being hit by an under-insured motorist, Dr. Paul Wills experienced worsening symptoms from his Parkinson's disease. His condition eventually deteriorated to the point that he could no longer work as a doctor. Wills sued

Encompass Insurance for $500,000, the maximum available under his automobile policy. The state trial court granted summary judgment to Wills, concluding that Encompass failed to refute that Wills lost at least $500,000 in earning capacity because of the accident. On removal, a federal district court held that it was unable to vacate that judgment. We reverse and remand.

I.

Wills worked as an ear, nose, and throat doctor in Hot Springs, Arkansas. Despite being diagnosed with Stage 1 Parkinson's disease in 2006, Wills was able to manage his symptoms and continue working. In 2015, Wills was rear-ended by an under-insured motorist. After the accident, Wills's Parkinson's symptoms worsened to the point that he had to retire, reducing his earning capacity by $250,000–$400,000 per year. At the time of the accident, Wills was 72 years old and planned to work for at least three more years.

Wills sued the other driver and received the maximum amount under their insurance policy—$50,000. He then contacted his insurer, Encompass, to request the $500,000 maximum under his policy. Encompass denied his claim, arguing that his worsening symptoms were due to the natural progression of his Parkinson's disease, not the car accident.

Wills sued Encompass in Arkansas state court, seeking $500,000 in damages under his insurance policy, plus punitive damages for Encompass's bad faith. A few months into the litigation, Wills moved for summary judgment on two issues: (1) that the accident aggravated his pre-existing Parkinson's "and caused other injuries," which resulted in a loss of earning capacity, and (2) that his lost earning capacity was at least $500,000. Wills submitted an affidavit from his pain management doctor, Dr. Swicegood, in support of his motion. Swicegood testified that Wills suffered "an unexplained acceleration in his Parkinson's symptoms" after being rear-ended. He also said that Wills experienced other problems following the car

accident, such as an "underlying lumbar disc disease with probable multi-level nerve root compressive problems."

Encompass filed a response opposing summary judgment, which included the affidavit of expert witness Dr. Steven Arkin. Arkin testified that the accident didn't have "any effect on the course of Dr. Wills['s] Parkinson's disease." He also noted that "[i]f there had been an abrupt change in the course of [Wills's] Parkinson's disease, [he] would expect continued worsening of symptoms rather than the dramatic improvement . . . clearly documented by the neurologists taking care of him."

Despite this conflicting expert testimony, the Arkansas trial court granted Wills's motion for summary judgment on his contract claim.[1] The court concluded that Encompass created a genuine dispute of material fact over whether the car accident worsened Wills's Parkinson's. But it also held that Encompass failed to refute that Wills suffered "other injuries" from the accident, and that Wills's earning capacity was reduced by at least $500,000 following the accident. From this, the court concluded that Encompass implicitly conceded that the car accident *caused* Wills's reduced earning capacity. It awarded Wills damages of $500,000, plus a 12% penalty, interest, and attorney's fees. Encompass filed a motion for reconsideration, which the court denied without comment.

Later in the litigation, Wills added Allstate as a defendant and Allstate removed the case to federal court. There, Encompass moved to vacate the state court's grant of summary judgment under Federal Rule of Civil Procedure 60(b)(6). The court denied that motion, reasoning that the *Rooker-Feldman* doctrine prevented it from disturbing the judgment of the state court.[2] Encompass filed a notice of

---

[1]Because the district court did not grant summary judgment on Wills's bad faith tort claim, the litigation continued.

[2]"The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges

appeal, which challenged the state court's "order granting Plaintiff Paul Wills'[s] Motion for Summary Judgment," as well as the denial of the motion for reconsideration and the grant of attorney's fees.

## II.

Before we consider the merits of this appeal, we must first address our jurisdiction. We typically only have jurisdiction over federal decisions, not state ones. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."). Encompass's notice of appeal only references decisions made by the Arkansas trial court, not the federal district court. It challenges the Arkansas court's grant of summary judgment, its order denying the motion for reconsideration, and its order granting damages and attorney's fees. Nowhere is the federal district court mentioned. In fact, Encompass's brief goes so far as to say that "[n]one of the actions of the district court are at issue."

But when a case is removed from state court to federal court, and proceeds to final judgment, the state court's orders entered before removal "are merged into the final judgment [of the federal court] and may be reviewed on appeal whether or not the district court elects to reexamine them after removal." *Reilly v. Waukesha Cnty.*, 993 F.2d 1284, 1287 (7th Cir. 1993).[3] We therefore interpret Encompass's notice

---

to state court judgments." *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (quotation omitted).

[3]The Eleventh Circuit adopted a different rule in *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 199 (11th Cir. 1991), which held that "when a case removed to a federal court has in it at the time of removal an order or judgment of the state trial judge which, had it been entered by a district judge, would be appealable to [a federal appellate court], it shall be incumbent on the party seeking an appeal first to move that the district judge modify or vacate the order or judgment." But because Encompass moved in federal court to vacate the state court's grant of summary judgment, and could have appealed the denial of that motion, this distinction is immaterial in this case.

of appeal as challenging the Arkansas court's ruling, as merged into the final judgment of the district court, and hold that it constituted an appeal of a "final decision[] of [a] district court[] of the United States" under 28 U.S.C. § 1291. *See* Fed. R. App. P. 3(c)(7).

We also reject the district court's conclusion that a federal court lacks jurisdiction to vacate the state court's summary judgment order. The district court reasoned that "Encompass's Motion to Vacate presents a classic *Rooker-Feldman* issue," and denied relief on that basis. "The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments." *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007). But as both parties concede on appeal, the *Rooker-Feldman* doctrine does not apply to cases removed to federal court. And the Tenth Circuit has correctly observed that "[p]roper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them." *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 723 (10th Cir. 2007). Accordingly, "the *Rooker-Feldman* doctrine has no application to a properly removed case where, as here, there is no attack on a separate and final state-court judgment." *Id.* at 724. Because the district court had jurisdiction to consider the motion to vacate, we now move to the merits.

III.

We review a grant of summary judgment *de novo* and draw all reasonable inferences in favor of Encompass.[4] *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir.

---

[4]The fact that the grant of summary judgment occurred in state court does not affect our standard of review. "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 437 (1974). Regardless, Arkansas's summary judgment standard is virtually identical to the one provided by Federal Rule of Civil Procedure 56. *See* Ark. R. Civ. P. 56(c)(2) (Summary judgment is appropriate when "there is no genuine issue

2017). "Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).

The Arkansas court erred by granting summary judgment. Both parties provided a plausible explanation for Wills's decreased earning capacity. Wills argued that being rear-ended led to his worsening Parkinson's disease and caused "other injuries" which prevented him from working. In support, he submitted the affidavit of Dr. Swicegood, who testified that the car accident caused Wills's health to deteriorate and reduced his earning capacity. Encompass, on the other hand, argued that Wills's reduced earning capacity was the result of the natural progression of his Parkinson's disease. In support of that argument, Encompass provided the affidavit of Dr. Arkin, who testified that the accident didn't have any effect on Wills's Parkinson's disease. The conflict between these expert witnesses created a genuine dispute of material fact, so summary judgment was improper.

The state court misinterpreted these arguments. It held that because Encompass didn't *specifically* refute that Wills suffered "other injuries" from the accident, and because Encompass conceded that Wills's earning capacity diminished by at least $500,000 following the accident, Encompass implicitly conceded that those "other injuries" *caused* his reduced earning capacity. But that simply doesn't follow. Encompass gave an alternative explanation, supported by Dr. Arkin's affidavit—that Wills's reduced earning capacity was caused by the regrettable and natural progression of his Parkinson's disease. That is enough to avoid summary judgment.

---

as to any material fact and . . . the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion.").

## IV.

We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

_____