**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J.  Fisher, Jr.                                                                                    Elisabeth A. Shumaker
Clerk                                                                                                        Chief Deputy Clerk

June 19, 1997

**TO:**    All recipients of the captioned opinion

**RE:**    96-3333, Cauthon v. Rogers
June 17, 1997

Please be advised of the following correction to the captioned decision:

At the top of page five of the opinion, the case number 96-3377 is incorrect.  The correct case number is 96-3276.  Please make the correction.

Very truly yours,

Patrick Fisher, Clerk

Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JEROLD G. CAUTHON,

    Plaintiff-Appellant,

    v.

RICHARD D. ROGERS, District Judge,

    Defendant-Appellee.

No. 96-3333

---

Appeal from United States District Court
for the District of Kansas
(D.C. No. 96-CV-3332)

---

Jerold G. Cauthon, pro se.

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

BRISCOE, Circuit Judge.

---

    Petitioner Jerold G. Cauthon, appearing pro se and proceeding in forma pauperis, appeals the district court's dismissal of his action for declaratory and injunctive relief against Judge Rogers.  We affirm.[1]

---

    [1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

Cauthon is an inmate at El Dorado Correctional Facility. This court's records reflect he has filed numerous actions challenging his confinement. In this case, Cauthon alleged Judge Rogers had wrongfully and maliciously delayed deciding three of his actions. This court's records reflect that two of the cases have since been decided adversely to Cauthon. The other case was successfully appealed and remanded to the district court. When Cauthon filed his complaint alleging excessive delay, that action had been before Judge Rogers on remand for only two months. Cauthon also sought to have all of his cases reassigned to a different judge.

Cauthon filed a motion for recusal of Chief Judge Van Bebber, the district judge assigned to this case. Cauthon alleged that after he accused Chief Judge Van Bebber of bias in favor of the defendants in another case, that case and three other cases were reassigned to another judge. We note the record does not reflect whether the reassignments were based upon the judge's decision to recuse or whether they were simply matters of routine caseload management within the court. Cauthon argued that if Chief Judge Van Bebber was biased in those actions, he must also be biased in this action. The district court denied the motion for recusal and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), finding it malicious and duplicative and that it failed to state a claim upon which relief could be granted.

We reject Cauthon's contention that the district court erred in denying his motion for recusal. We review the denial of a motion for recusal for an abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992). Cauthon has not shown that the court abused its discretion in denying the motion. Because the motion was not supported by an affidavit, Cauthon failed to show bias or prejudice under 28 U.S.C. §

-2-

144. Nor did he show grounds for disqualification under 28 U.S.C. § 455. To disqualify a judge under § 455, a movant must show that a reasonable person, knowing all of the circumstances, would harbor doubts about the judge's impartiality. Rumor, speculation, and opinions are not sufficient. See Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). Even if we assume Chief Judge Van Bebber was biased in favor of the defendants in other cases and that he reassigned those cases to other judges for that reason, that fact does not establish bias or prejudice against Cauthon in this case.

We also reject Cauthon's contention that the district court erred in dismissing his complaint. The court properly dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Cauthon alleged delay in deciding three cases, two of which have since been decided. The other case had been before Judge Rogers on remand for only two months. Cauthon failed to allege facts showing he was entitled to declaratory judgment or injunctive relief for delay in resolution of the cases.

Cauthon also failed to allege facts supporting his claim for reassignment of his cases to a different judge. Even if we were to assume a party can bring a separate action to obtain recusal of a judge rather than file a motion for recusal under §§ 144 and 455, the complaint does not raise grounds for recusal. Mere conclusory allegations without supporting factual averments are not sufficient to state a claim upon which relief can be granted. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

**Sanctions**

In the past in deference to his status as a pro se litigant, we have permitted Cauthon to proceed in forma pauperis and have construed his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A review of his filing history reveals the

extent to which he has abused these privileges. Since 1989, Cauthon has filed approximately twenty appeals and original proceedings in this court, and he has prevailed in only one, No. 95-3301, where we reversed the district court's conclusion that Cauthon had failed to exhaust his administrative remedies and remanded for consideration of the merits of the claim.

Accordingly, we have determined to call a halt to Cauthon's wasteful abuse of judicial resources. Cauthon's future filings are restricted in two ways: (1) by operation of 28 U.S.C. § 1915(g), a provision of the Prison Litigation Reform Act (PLRA), and (2) by exercise of our "inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction," see Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994) (quoting 28 U.S.C. § 1651). See Schlicher v. Thomas, 111 F.3d 777, 780-81 (10th Cir. 1997).

### Section 1915(g)

Section 1915(g) provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds it was frivolous, malicious, or failed to state a claim on which relief could be granted, unless the prisoner is under imminent danger of serious physical injury. The provision applies to mandamus proceedings, Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996), and to appeals dismissed prior to enactment of the PLRA, id. at 420. See Schlicher, 111 F.3d at 781.

At least three of Cauthon's many civil proceedings have been dismissed as frivolous or malicious, or for failure to state a claim. In No. 95-3181, we affirmed the district court's dismissal of Cauthon's mandamus proceeding for failure to state a claim on

-4-

which relief could be granted because his broad and conclusory claims failed to establish a right to the extraordinary remedy of mandamus. In No. 96-3276, we affirmed the district court's dismissal of a 42 U.S.C. § 1983 action as frivolous. In this case, we affirm the dismissal of Cauthon's action as frivolous and malicious and for failure to state a claim.

Under § 1915(g), Cauthon is barred from proceeding in forma pauperis in this court in the future. We therefore direct the clerk of this court not to accept any further appeals of judgments in civil actions or proceedings or any extraordinary writs in noncriminal matters from Cauthon unless he pays the filing fees established by our rules. This directive does not apply to appeals or petitions claiming Cauthon is under imminent danger of serious physical injury. See Schlicher, 111 F.3d at 381.

### Inherent Power of this Court

In cases other than those alleging imminent danger of serious physical injury, we further restrict Cauthon's filing privileges through exercise of "our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction." Winslow, 17 F.3d at 315 (citing 28 U.S.C. § 1651). See also Werner v. State of Utah, 32 F.3d 1446, 1448 (10th Cir. 1994). The "'right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" Winslow, 17 F.3d at 315 (quoting Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989)). If a party "'has engaged in a pattern of litigation activity which is manifestly abusive,' restrictions are appropriate." Winslow, 17 F.3d at 315 (quoting Johnson v. Cowley, 872 F.2d 342, 344 (10th Cir. 1989). See Schlicher, 111 F.3d at 781.

Cauthon's filings have been repetitive, frivolous, and malicious. We therefore impose additional restrictions on his filings in this court, whether or not he pays a full filing fee. Cauthon is enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se. To do so, he must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action.

2. Include in the petition the following information:
   a. A list of all lawsuits currently pending or previously filed with this court, including the name, case number, and citation if applicable, of each case, and the current status or disposition of the appeal or original proceeding;
   b. A list apprising this court of all outstanding injunctions or orders limiting his access to federal court, including orders and injunctions requiring him to be represented by an attorney, including the name, case number, and citation if applicable, of all such orders and injunctions;

3. File with the clerk of this court a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short description of the legal basis asserted, and describing with particularity the order or ruling being challenged. The affidavit must also certify, to the best of his knowledge, that the legal arguments being raised are not frivolous or in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal is not interposed for any improper purpose, and that he will comply with all appellate and local rules of this court.

See Schlicher, 111 F.3d at 781. These documents shall be submitted to the clerk of this court, who shall forward them to the chief judge of this court for review to determine whether to permit a pro se original proceeding or appeal. Without the chief judge's approval, the matter will be dismissed. If the chief judge approves the filing, an order shall be entered indicating the appeal or original proceeding shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules. If, at any time, Cauthon submits any filing to this court that contains abusive language, the clerk shall immediately return those papers unfiled. See Schlicher, 111 F.3d at 781-82.

-6-

Cauthon shall have twenty days from the date of the filing of this order in which to file written objections to these sanctions, limited to fifteen pages. If he does not file objections, the sanctions shall take effect thirty days from the date of this order and the filing restrictions shall apply to any matter filed after that time. If Cauthon files timely objections, these sanctions shall not take effect until this court has ruled on those objections. See Schlicher, 111 F.3d at 782.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith. Cauthon's future filings are RESTRICTED as set forth herein.