139 F.3d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ARW EXPLORATION CORPORATION, Plaintiff,
v.
Cesar V. AGUIRRE; Anastasios Andriopoulos; Charles E.
Bender; B.W. Covington; Chris Dalamangas; P. Elaportas;
George Ioannides; Kyriakos Ioannides; V. Kaltsas;
Christos P. Kartsonis; Demetrious Kartsonis; A. George
Magouliotis; A. Papathanasopolous; Steve Poulos; S.L.
Prabhu; Neal Roth; Dorothy Roychoudhury; S.L. Stogiannis;
G. Vallianos; and Indumathi Ponnapalli, as personal
representative of the estate of Ponnapalli Ramakrishna,
Defendants-Third Party-Plaintiffs-Appellees,
v.
Spyridon ARMENIS, also known as Spiro Armenis,
Third-Party-Defendant-Appellant.
Cesar V. AGUIRRE; Anastasios Andriopoulos; Charles E.
Bender; B.W. Covington; Chris Dalamangas; P. Elaportas;
George Ioannides; Kyriakos Ioannides; V. Kaltsas;
Christos P. Kartsonis; Demetrious Kartsonis; A. George
Magouliotis; A. Papathanasopolous; Steve Poulos; S.L.
Prabhu; Neal Roth; Dorothy Roychoudhury; S.L. Stogiannis;
G. Vallianos; and Indumathi Ponnapalli, as personal
representative of the estate of Ponnapalli Ramakrishna,
Plaintiffs-Appellees,
v.
Spyridon ARMENIS, also known as Spiro Armenis, Defendant-Appellant,
and
ARW EXPLORATION CORPORATION, Defendant.
 No. 97-6280.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1998.
 
 Before BALDOCK, EBEL, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant appeals from several district court orders. For the following reasons, this court has jurisdiction to review only the district court's July 2, 1997 denial of appellant's January 27, 1997 motion to set aside the court's order denying appellant's previous motion for reconsideration, and his request for the recusal of two district court judges.
 
 
 4
 The district court entered final judgment in this action on September 26, 1996. Citing Fed.R.Civ.P. 59 and 60, appellant filed a motion for reconsideration of that decision on October 8, 1996, which, in light of Fed.R.Civ.P. 6(a)'s directions for computing time, was sufficient to toll the time for filing a notice of appeal. See Fed. R.App. P. 4(a)(4). When the district court denied that motion for reconsideration, on December 16, 1996, appellant had thirty days to file his notice of appeal. See Fed. R.App. P. 4(a)(1). He did not do so. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988) (timely notice of appeal is jurisdictional prerequisite).
 
 
 5
 Instead, on January 27, 1997, appellant filed motions seeking the recusal of two district court judges and to have the December 16 decision set aside or vacated. As a second post-judgment motion, these pleadings did not toll the time for filing a notice of appeal from the final judgment entered December 16, 1996. See Okon v. Commissioner, 26 F.3d 1025, 1026 (10th Cir.1994); Mullen v. Household Bank-Fed. Sav. Bank, 867 F.2d 586, 587 n. 1 (10th Cir.1989).
 
 
 6
 Appellant did file a timely notice of appeal from the district court's denial of his January 27, 1997 motions. This court, therefore, has jurisdiction to review only that decision. See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir.1996). Upon consideration of the record and the parties' briefs, we affirm.
 
 
 7
 The district court did not abuse its discretion, see Cauthon v. Rogers, 116 F.3d 1334, 1336 (10th Cir.1997), in denying appellant's motion for the recusal of two district court judges. See Green v. Branson, 108 F.3d 1296, 1305 (10th Cir.1997) (rumors, speculation or opinion concerning judge's impartiality are insufficient; nor are adverse rulings appropriate grounds for disqualification); Hutchinson v. Pfeil, 105 F.3d 562, 565 (10th Cir.) (no abuse of discretion to deny motion to recuse, where district court did not ignore party's arguments, but rather found them to be insufficient), cert. denied, 118 S.Ct. 298 (1997).
 
 
 8
 The district court also did not abuse its discretion, see Anderson v. Department of Health & Human Servs., 907 F.2d 936, 952 (10th Cir1990), in denying appellant Fed.R.Civ.P. 60(b)(3) relief from judgment. Appellant's allegations of the incompetence of his attorney are not an appropriate basis for relief. See MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir.1988). Further, appellant's allegations of fraud are too speculative and conclusory to provide the necessary clear and convincing proof that his attorney was guilty of fraudulent conduct. See DeVargas v. Montoya, 796 F.2d 1245, 1258 (10th Cir.1986), overruled on other grounds by Newcomb v. Ingle, 827 F.2d 675, 678 (10th Cir.1987); see also Weese v. Schukman, 98 F.3d 542, 552, 553 (10th Cir.1996) (requiring clear and convincing evidence of existence of fraud on court that would be actionable above and beyond Rule 60(b)(3), resolving all doubts in favor of finality of previously entered judgment).
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3