**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

CHESTER L. BIRD,

    Plaintiff - Appellant,

v.

ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections;
MICHAEL PACHECO, Warden,
Wyoming State Penitentiary; CORIZON
HEALTH, INC., a private corporation;
CYNTHIA ARCHULETA, Corizon Health
Services Administrator; LARENA WEIK,
Grievance Manager, Wyoming State
Penitentiary; STATE OF WYOMING, a
governmental entity,

    Defendants - Appellees.

No. 20-8009
(D.C. No. 2:17-CV-00087-SWS)
(D. Wyo.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
———————————————————

    In this 42 U.S.C. § 1983 case, pro se prisoner Chester L. Bird appeals from a

district court order that entered summary judgment against him on his claims of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

deliberate indifference and negligence. Exercising jurisdiction under 28 U.S.C. §1291, we affirm as to deliberate indifference but reverse and remand as to negligence.

## BACKGROUND

Bird is serving two consecutive life sentences in the Wyoming Department of Corrections (WDOC). On January 13, 2017, while an inmate in the Wyoming State Penitentiary (WSP), Bird submitted a health-service-request (HSR) form for a "bad tooth." R., Vol. I at 253. He checked a box indicating he did not "need to be seen in Medical." *Id.*

The HSR was reviewed by Mary Elizondo, a dental assistant working for Corizon Health, Inc. Corizon contracts with WDOC to provide medical and dental services to inmates. Elizondo submitted a scheduling order for Bird to be seen on February 16 in the dental department by Dr. Ashby Tippets. The order indicated, however, that its "approval status" was "pending." *Id.* at 259 (capitalization omitted).

Elizondo told Bird that he had "been scheduled in dental," but it would "take a bit longer to be seen" because they did "not have a full time dentist in house." *Id.* at 253. Apparently, WSP had lost its full-time dentist in late 2015. In July 2016, Corizon had found a replacement, but he worked until only December 2016. Corizon found another replacement in February 2017, but he could not start until June 2017. Consequently, Corizon hired Dr. Tippets, who agreed to provide dental care at WSP on an interim, part-time basis.

On February 5, 2017, Bird submitted another HSR. He stated he "still ha[d] a bad tooth that needs pulled" and that it was "[s]tarting to be real painful." *Id.* at 251. He

2

again checked the box indicating he did "not need to be seen in Medical." Elizondo told Bird he was "already on the dental list to be seen, in the near future," and she apologized "for the long wait." *Id.*

For reasons that are not clear, Bird's February 16 appointment did not occur. But on February 22, Elizondo scheduled Bird for an appointment with Dr. Tippets for March 14. She apparently did not notify Bird.

On February 23, Bird submitted an "[i]nmate [c]ommunication [f]orm," complaining he had been denied dental care for his "painful toothache." *Id.* at 255. He sought "immediate dental care" and $100 for every day he did not see a dentist. *Id.* Corizon's health services administrator, Cynthia Archuleta, responded, telling Bird that he was on the dentist's schedule and that Elizondo would visit him.

Elizondo examined Bird on the 24th, noting "no reddnes [sic] or puffiness/swelling or drainage . . . around the tooth." *Id.* at 266. Bird said there was a "bad taste" coming from the tooth and he was experiencing "discomfort at times." *Id.* Elizondo told Bird he "[wa]s scheduled to be seen in dental as soon as [the] Dental Provider returns in March," and she consulted with the "Medical/Dental Provider," who immediately prescribed a ten-day course of the oral antibiotic Clindamycin HCL. *Id.*

On February 28, Bird submitted a prison grievance, complaining he had been denied dental care, which resulted in pain and infection. He said the Clindamycin gave him "constant headaches" and he was having trouble eating and sleeping. *Id.* at 301. He again requested immediate dental care and $100 per day until he saw a dentist. WSP Grievance Manager LaRena Weik denied the grievance on March 7, explaining that Bird

3

was receiving treatment and was scheduled to soon see a dentist. Bird appealed the denial of his grievance.

On March 13, Western Correctional Consultants (WCC) audited the medical and dental response times at WSP. It found that from December 2016 to mid-March 2017, "[a]ll but nine of 296 inmates requesting dental services were seen within 1 month (97%)," which exceeded "[t]he [industry] standard of 95% being seen within 1 month." *Id.* at 197 (boldface omitted).

The next day, on March 14, Bird saw Dr. Tippets as scheduled. In an "uncomplicated" procedure, Dr. Tippets extracted the tooth, which was abscessed. *Id.* at 247.

Bird's grievance process continued. Both WSP Warden Michael Pacheco and WDOC Director Robert Lampert denied his appeals, stating that Dr. Tibbets had resolved his dental issue and that a full-time dentist would soon be joining the prison's medical staff.

In May 2017, Bird filed the instant civil-rights action in federal district court, alleging that his delay in seeing a dentist caused pain, infection, nausea, stomach cramps, headaches, and difficulty eating and sleeping. In a second amended complaint, he asserted the following three claims:

> (1) deliberate indifference to medical needs against Lampert, Pacheco, Weik (in their individual capacities), and Corizon, and Archuleta "when they failed and/or refused to provide sufficient staffing of the WSP Dental Department, contract with another dentist[,] and/or provide 'off-site' dental appointments, which deprived [him] of 'ready access to adequate dental care' and caused [him] injury," *id.* at 47;

4

(2) negligence against Corizon and Archuleta for "failing and/or refusing to provide sufficient staffing of the WSP Dental Department, contracting another dentist[,] or providing an 'off-site' dental appointment for the treatment of [his] infected tooth," *id.* at 48; and

(3) negligence against the State of Wyoming for the "negligent acts or omissions by Corizon and Archuleta," *id.* at 49.

Lampert, Pacheco, Weik, and the State of Wyoming moved for summary judgment. Bird sought summary judgment as to liability. Corizon and Archuleta opposed Bird's motion but did not seek summary judgment.

The district court granted the State of Wyoming defendants' motion, concluding that the individual corrections defendants were entitled to qualified immunity and that Bird's negligence claim against the State was "not a viable cause of action as it [wa]s duplicative of and subsumed by [the deliberate indifference claim]." *Id.*, Vol. III at 132. The district court denied Bird's motion. Bird later settled with Corizon and Archuleta, and the district court dismissed Bird's claim against them.

## DISCUSSION
### I. Standards of Review

"We review a grant of summary judgment de novo." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

When a defendant asserts a qualified-immunity defense, our review "differs from that applicable to review of other summary judgment decisions." *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018) (internal quotation marks omitted). "A defendant's

5

motion for summary judgment based on qualified immunity imposes on the plaintiff the burden of showing both (1) a violation of a constitutional right; and (2) that the constitutional right was clearly established at the time of the violation." *Burke v. Regalado*, 935 F.3d 960, 1002 (10th Cir. 2019) (internal quotation marks omitted).

Because Bird appears pro se, we construe his filings liberally, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II. Deliberate Indifference

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Requena v. Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018) (brackets and internal quotation marks omitted), *cert. denied*, 139 S. Ct. 800 (2019).

A deliberate indifference claim has "both an objective and a subjective component." *Id.* (internal quotation marks omitted). The objective component requires evidence that the medical deprivation was "sufficiently serious." *Id.* (internal quotation marks omitted). The subjective component requires evidence that "the prison official acted with a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted).

**A.     Constitutional Violation**
1.     Personal Involvement

Before reaching the particular components of Bird's deliberate indifference claim, we first address a more fundamental defect in that claim. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."

*Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). It is not clear how Lampert, Pacheco, and Weik were personally involved in the delayed provision of dental care to Bird. Bird argues that "each of them failed to enforce WDOC policy protecting [him] from the delay in his dental care" and "set in motion a series of events that they knew or reasonably should have known would cause others to deprive [him] of his constitutional rights." Aplt. Opening Br. at 28.

But Grievance Manager Weik did nothing more than deny Bird's February 28 prison grievance on the basis that he was receiving dental care and was scheduled to soon see Dr. Tippets. Bird does not cite any evidence that Weik was aware of the delay before he filed his grievance or that she had any involvement in, or prior knowledge of, WSP's difficulty staffing a full-time dentist. In fact, she testified that she "first learned of Bird's dental issues when [she] received his grievance," and that she did not know how long the full-time dentist position had been vacant or "the amount hours of dental care [that WSP] was short for the time we did not have an in-house dentist." R., Vol. I at 304, 305.

As for Director Lampert and Warden Pacheco, they considered Bird's grievance appeals after Dr. Tippets had resolved his dental problem. Further, although both Lampert and Pacheco knew WSP was operating without a full-time dentist, they testified that (1) they knew a dentist was periodically providing care while Corizon actively sought to fill the position, and (2) they were unaware there had been a "shortfall in dental hours," *id.* at 307 (Pacheco Affidavit), or a "backlog . . . for dental care," *id.* at 310 (Lampert Affidavit). Indeed, Bird's grievance was the first dental-related grievance

7

during the December 2016 to June 2017 period, when WSP was without a full-time dentist.

Accordingly, we conclude that Bird has not shown that Lampert, Pacheco, and Weik were personally involved—either directly or indirectly—in the delay of his treatment by a dentist. Bird's reliance on his complaint's allegation that Lampert and Pacheco "aided, abetted or conspired with Corizon and/or Ms. Archuleta to operate the WSP Dental Department without adequate staff," Aplt. Opening Br. at 28 (brackets and internal quotation marks omitted), is insufficient to meet his burden, *see Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997) ("Where we address the issue of qualified immunity in the summary judgment context, the plaintiff must present some evidence to support the allegations; mere allegations, without more, are insufficient to avoid summary judgment.").

2.      Culpable State of Mind

In addition to not showing Lampert, Pacheco, and Weik's personal involvement in the delay in Bird seeing a dentist, Bird has not identified any evidence supporting the subjective component of his deliberate indifference claim—culpable state of mind. To say that an official acted with a culpable mental state means that he or she "knew of and disregarded an excessive risk to inmate health or safety." *Requena*, 893 F.3d at 1215 (brackets and internal quotation marks omitted). In other words, "the official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must have also drawn the inference." *Id.* (brackets, ellipsis, and internal quotation marks omitted).

8

As indicated above, we see no evidence that any one of the individual corrections defendants suspected that the delay in Bird seeing a dentist posed a substantial risk of serious harm. Weik denied Bird's grievance because he had received dental treatment (a visit by the dental assistant and antibiotics) and was only a few days away from his appointment with Dr. Tippets. And she learned of both the delay in his treatment and the lack of an in-house dentist only after receiving his grievance. Lampert and Pacheco denied Bird's grievance appeals because Dr. Tippets had resolved his dental issue. Although both were aware that WSP lacked a full-time dentist, neither one of them was aware that it had caused a delay in dental care.

Therefore, we conclude that Bird has not shown deliberate indifference to his serious medical needs.

## B. Clearly Established Law

But even if we assume that a constitutional violation occurred, defendants Lampert, Pacheco, and Weik would still be entitled to qualified immunity because there is no clearly established governing law. A law is clearly established "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Redmond*, 882 F.3d at 935 (brackets and internal quotation marks omitted). "We therefore must determine whether a right is clearly established in light of the specific context of the case, not as a broad general proposition." *Id.* (internal quotation marks omitted).

9

Bird argues it is clearly established that a delay in dental treatment violates the Eighth Amendment where the plaintiff suffers considerable pain. But this characterization of clearly established law is too broad, as it fails to account for the specific context of this case. *See Cox v. Glanz*, 800 F.3d 1231, 1247 n.8 (10th Cir. 2015) (stating that a plaintiff "cannot discharge h[is] [qualified-immunity] burden by relying upon authorities that do no more than establish general legal principles"). Specifically, the 60-day period from Bird's submission of his first HSR to his visit with Dr. Tippets was the result of Corizon's difficulty finding a full-time replacement dentist for WSP while employing an interim part-time dentist. And during that 60-day period, Bird was placed on Dr. Tippets' schedule, seen by a dental assistant, and prescribed antibiotics. Further, there is no evidence that Lampert, Pacheco, or Weik knew that the lack of a full-time dentist had caused a delay in the provision of dental care generally throughout WSP or specifically in relation to Bird (until after he filed his grievance and appeals).

Thus, when defined with sufficient specificity, the issue is whether corrections defendants like Lampert, Pacheco, and Weik have committed deliberate indifference where (1) an inmate waited 60 days to see a dentist due to a staffing issue that none of the defendants knew had created a delay; (2) the inmate received some dental care while waiting to see a dentist; and (3) when the defendants learned of the delay, the inmate was just days away from seeing the dentist or had already seen the dentist, with resolution of the dental problem. Bird has identified no case imposing liability under these or similar circumstances, and we have not found one. His reliance on *Ramos v. Lamm*, 639 F.2d

10

559 (10th Cir. 1980), and *Sealock v. Colorado*, 218 F.3d 1205 (10th Cir. 2000), is unavailing, as those cases are readily distinguishable.[1]

We conclude that the district court appropriately granted Lampert, Pacheco, and Weik summary judgment on the basis of qualified immunity.

### III.  Negligence

The district court concluded that Bird's negligence claim against the State of Wyoming failed because it was duplicative of his § 1983 deliberate indifference claim. But Bird's claim arises under Wyoming state law, not the federal constitution.  He alleges that Wyoming is liable under Wyo. Stat. Ann. § 1-39-110 for the "negligent acts or omissions by Corizon and Archuleta, who, while acting within the scope of their duties as health care providers for the State of Wyoming[,] failed and/or refused to provide [him] with timely access to adequate dental care for his 'painful' tooth, which ultimately became infected and had to be extracted due to the delay in dental service."  R., Vol. I at 49.  Section 1-39-110(a) imposes liability on a "governmental entity" for "the negligence of health care providers who are employees of the governmental entity, including contract physicians, physician assistants, nurses, optometrists and dentists who are

---

[1] In *Ramos*, this court upheld the district court's finding of deliberate indifference where prison staff shortages "effectively denied access to diagnosis and treatment by qualified health care professionals" and "the State ha[d] been aware of grave and systemic deficiencies in the medical care delivery system at [the prison] for years."  639 F.2d at 574, 578 (internal quotation marks omitted).  In *Sealock*, this court determined that an inmate's deliberate indifference claim survived summary judgment where a corrections officer had refused to drive the inmate, who was experiencing a heart attack, to the hospital.  218 F.3d at 1210-11.

providing a service for state institutions or county jails, while acting within the scope of their duties." Wyo. Stat. Ann. § 1-39-110(a).

Counsel for the State defendants concedes that the district court's "reasoning was . . . incorrect," Aple. Br. at 28, but he argues that we should affirm on the ground that Bird failed to support his claim with expert testimony. Although "we may affirm on any basis that the record adequately supports," *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1181 (10th Cir. 2019), we are not convinced that the record supports summary judgment on Bird's negligence claim.

Granted, under Wyoming law, expert testimony is ordinarily required "[i]n medical malpractice cases." *Oakden v. Roland*, 988 P.2d 1057, 1059 (Wyo. 1999). But as counsel acknowledges, this is not an ordinary medical malpractice case because it is not asserted against a "medical professional[ ] listed in [§ 1-39-110(a)]." Aple. Br. at 29.

More importantly, although Bird did not provide expert testimony to support his central allegation that he was denied timely access to a dentist, the WCC audit states that a one month wait is standard. Corizon's Stacey Koch, RN, echoed that time frame, stating that "30 days to see a request . . . is what the external auditors have deemed as a reasonable timeframe." R., Vol. I at 191. But Bird waited twice as many days to see a dentist after submitting his first HSR.

Under these circumstances, we cannot conclude that there is no genuine issue of material fact as to whether the State of Wyoming, through the acts or omissions of the

Corizon defendants, was liable for negligence.[2]  Consequently, we reverse the summary judgment on that claim "and remand with instructions to dismiss [it] without prejudice or remand [it] to state court."  *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1239 (10th Cir. 2020); *see id.* at 1238 (stating that "[t]he Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial," and noting that this practice is particularly appropriate "when the state claims raise novel issues of state law").[3]

## CONCLUSION

We affirm the district court's summary judgment order as to Bird's deliberate indifference claim, but we reverse that order as to Bird's negligence claim against the State of Wyoming, and we remand that claim to the district court for further proceedings.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] It is unclear what effect, if any, Corizon's settlement with Bird has on this claim.

[3] To the extent Bird appeals the district court's orders denying his motions to recuse, we review for an abuse of discretion and find none.  *See Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997).  Specifically, Bird failed to support his 28 U.S.C. § 144 recusal request with the necessary affidavit.  *See id.*  And Bird's 28 U.S.C. § 455 recusal requests complained of adverse rulings, a rapport with defendants' counsel, and non-rulings.  But speculation, innuendo, and judicial rulings are not grounds for recusal.  *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993).